# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| ANTON KULAGIN, ANASTASIIA KU-LAGINA, §<br>§<br>**Plaintiffs,** §<br>§<br>**v.** §<br>§<br>ANTONY J. BLINKEN, IN HIS OFFI-CIAL CAPACITY AS SECRETARY OF STATE; NICHOLAS HELTZEL, IN OFFICIAL CAPACITY AS CONSUL GENERAL U.S EMBASSY, BEL-GRADE; AND JOHN DOES #1-10, IN THEIR OFFICIAL CAPACITY AS CONSULAR OFFICERS RESPONSI-BLE FOR ISSUING VISAS AT THE US EMBASSY BELGRADE; §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>**Defendants.** § | **CIVIL NO. A-24-CV-00953-ADA** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Anton Kuligan and Anastasiia Kulagina ("Plaintiffs") brought his action against federal officials seeking action on their nonimmigrant visa applications. ECF No. 1. Before the Court is Defendants' Motion to Dismiss (ECF No. 8). After careful consideration of Plaintiff's operative complaint, the parties' briefing[1] and notices of supplemental authority, and the applicable law, Defendants' Motion to Dismiss will be granted.

## I.    BACKGROUND

In September of 2023, Plaintiffs filed their DS-160 Online Nonimmigrant Visa Applications and completed all necessary steps to obtain their H-1B and H-4 visas. ECF No. 1 at

---

[1] The parties' briefing consists of: (1) Defendants' Motion to Dismiss (ECF No. 8), including the later-filed exhibit (ECF No. 11); (2) Plaintiffs' Memorandum in Opposition (ECF No. 10); Plaintiff's Supplement to its Memorandum in Opposition (ECF No. 14); and Defendants' Reply (ECF No. 15).

¶ 29; *see also* ECF No. 1-1. On September 25, 2023, Plaintiffs were interviewed by a consular officer at the U.S. Embassy in Belgrade, Serbia. *Id.* at ¶ 30. At the end of the interview "they were given a [Immigration and Nationality Act ("INA")] 221(g)-refusal notice . . . marked only for administrative processing." *Id.* They were also asked to complete and submit the DS-5535 supplemental visa questionnaire. *Id.* at ¶ 31. Plaintiffs have submitted their completed questionnaires and have inquired as to the status of their visa applications several times, only to receive the response that their applications are undergoing "additional administrative processing." *Id.* at ¶¶ 31–33.

On August 19, 2024, Plaintiffs filed this action against Antony Blinken, Secretary of the U.S. Department of State, Nicholas Heltzel, the Consul General of the U.S. Embassy in Belgrade, and unnamed Doe defendants who are responsible for non-immigrant visas at the U.S. Embassy in Belgrade ("Defendants"). *Id.* at ¶¶ 7–9. Plaintiff seeks injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), for unreasonable or unlawful delay. *Id.* at ¶¶ 67–77. Specifically, Plaintiffs argue that Defendants have a nondiscretionary duty to review and adjudicate visa applications under 1202(d) of the INA. *Id.* at ¶ 47. Plaintiff seeks the same relief under the Mandamus Act, 28 U.S.C. § 1361. *Id.* at ¶¶ 56–66.

Subsequently, Defendants filed their motion to dismiss, arguing that the Court lacks subject matter jurisdiction because Plaintiffs' claims are moot. ECF No. 8 at 7–14.

## II.    LEGAL STANDARD

A claim is properly dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted). In assessing subject matter jurisdiction, the court may consider the complaint alone, the

complaint plus undisputed facts evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts. *Id.* at 286.

## II.     ANALYSIS

There is no dispute that the INA confers a duty to act and a right to an adjudication. *See* 8 U.S.C. § 1202(d) ("All nonimmigrant visa applications shall be reviewed and adjudicated by a consular officer."). The controlling issue, as evident from the parties' briefing, is whether the consular officer's decision to deny Plaintiffs' visa applications pursuant to INA § 1201(g)[2] fulfills the government's duty to adjudicate their applications and thereby renders Plaintiffs' claims moot.

Numerous opinions from this Court and other district courts in this Circuit have held that a consular official's visa refusal under § 1201(g) fulfills the government's obligations under the INA and APA. *See Bamdad v. U.S. Dep't of State*, No. 1:23-cv-757-DAE, 2024 WL 1462948 (W.D. Tex. Feb. 9, 2024) (finding that even if the plaintiff had submitted additional information for reconsideration, "the visa application 'remains refused' and thus the Court lacks jurisdiction to consider Plaintiff's request" to compel adjudication of the application); *Jolghazi v. Blinken*, No. 5:23-cv-01071-OLG, 2024 WL 4182593, at *3 (W.D. Tex. July 30, 2024) (rejecting argument that no final decision had been made because visa application was pending administrative processing and instead holding that the § 1201(g) dismissal rendered the action moot); *Yahya v. Blinken*, No. 4:23-cv-04005, 2024 WL 3497936, at *3 (S.D. Tex. July 22, 2024) (holding that a § 1201(g) refusal of the plaintiff's immigrant visa was final, even though additional administrative processing was pending); *Malik v. Schofer*, No. CV H-23-4819, 2024 WL 5374742, *3 (S.D. Tex. July 17, 2024) (rejecting argument that additional administrative processing renders a refusal non-final and holding that issuance of a refusal satisfies the government's duty to adjudicate a visa

---

[2] INA § 221(g) corresponds to 8 U.S.C. § 1201(g).

application); *Tariq v. Blinken*, No. 3:21-CV-02841-M, 2023 WL 2661543, at *1 (N.D. Tex. Jan. 31, 2023) ("[T]he action that Plaintiff seeks—adjudication of her daughter's visa application—has occurred, and thus her claim is moot and the Court thus lacks subject matter jurisdiction.").

In short, the "complete consensus among the federal courts in Texas on this issue" is that denial of a visa application pursuant to § 1201(g) fulfills the government's duty to adjudicate the application and renders claims such as Plaintiffs' moot. *See Khaleel v. U.S. Dep't of State*, No. H-24-2970, 2025 WL 777082, at *2 (S.D. Tex. Mar. 11, 2025). The only court of appeals that has addressed this issue, albeit in an unpublished opinion, has reached the same conclusion. *See Karimova v. Abate*, 2024 WL 3517852, at *3 (D.C. Cir. July 24, 2024) (per curiam) (rejecting contention that a visa refusal is non-final if the application is placed in administrative processing and noting that such application "remains officially refused"). Plaintiffs have not provided a convincing justification for deviating from these authorities, under which Defendants have satisfied their duty to adjudicate the visa applications by refusing them. Accordingly, Plaintiffs' claims are moot, and the Court lacks subject matter jurisdiction.

Because of this resolution, the additional reasons stated by Defendants in support of dismissal need not be addressed. This includes the doctrine of consular non-reviewability and argument on the merits that the amount of delay was not unreasonable. *See* ECF No. 8 at 11–14; ECF No. 15 at 6–10.

### III.   CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 8) and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. The Clerk's Office is **INSTRUCTED** to **CLOSE** this case.

**SIGNED** this 28th day of April, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE